| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

| | | |
|---|---|---|
| Cary O. Smith, <br> TDCJ 732505, <br>         Plaintiff, <br><br> *versus* <br><br> Dr. Stanley D. Allen, <br><br>         Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action H-07-2028 |

# Opinion on Dismissal

    Cary O. Smith filed a complaint for civil rights violations. 42 U.S.C. § 1983. He is proceeding as a pauper. 28 U.S.C. § 1915. Smith sues Dr. Stanley D. Allen of the John Sealy Hospital. He claims deliberate indifference to serious medical needs.

    Smith's claims follow. Unit physicians have referred Smith to the John Sealy Hospital several times where he sees Allen. For the past several years, Smith has repeatedly requested that Allen repair his "dislocating" shoulders. Allen has constantly denied Smith this proper medical treatment. Allen told Smith often that surgery is not an option. Allen's refusals have caused Smith pain and suffering. Allen is aware of the seriousness of Smith's medical condition. Allen told Smith that some people have to live with sloppy or sloopy shoulders. Smith seeks compensatory damages.

    Smith previously unsuccessfully sued Dr. Allen in federal court concerning his shoulders. *See Smith v. Largent, et al.*, H-02-CV-1489. A grievance Smith submitted here shows Dr. Allen most recently saw Smith on March 3, 2007, he documented that Smith is not a candidate for surgery, and Smith was given supportive elastic shoulder enclosures to wear daily.

    Disagreement with decisions about providing medical treatment does not state a claim for deliberate indifference under the Eighth Amendment. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. (1999). The plaintiff must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Here, Allen

refused to treat Smith because after several assessments of his condition, Allen determined that the surgery Smith has requested is not medically indicated. That is not deliberate indifference. *Stewart*, 174 F.3d at 534.

Smith has not shown deliberate indifference to serious medical needs. Smith fails to state a claim recognized at law. This case will be dismissed.

The Texas Department of Criminal Justice will deduct 20% of each deposit made to the plaintiff's inmate trust account and pay this to the court regularly, when the account exceeds $10, until the $350 filing fee is paid.

The Clerk will send a copy to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793 by facsimile transmission, regular mail, or e-mail; and to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Three-Strikes List, by regular mail or e-mail.

Signed July 11, 2007, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge